UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAMKA AHMETOVIC,

    Plaintiff,

v.                                                                        Case No: 8:16-cv-2326-T-27JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Namka Ahmetovic, seeks judicial review of the denial of her claims for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision did not employ proper legal standards, the Court recommends that the decision be reversed.

### BACKGROUND

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability on February 11, 2013. (Tr. 228–41.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 147–49, 151–53, 158–62, 164–68.) Plaintiff then requested an administrative hearing. (Tr. 173.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 70–96.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 54–69.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–7, 45–53.) Plaintiff

then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1957, claimed disability beginning on April 13, 2010. (Tr. 228, 231, 251.) Plaintiff has a limited education. (Tr. 63.) The ALJ determined that Plaintiff could not perform past relevant work. (Tr. 63.) Plaintiff alleged disability due to neck pain, back pain, depression, anxiety, headaches, high blood pressure, and shoulder pain. (Tr. 254.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since April 13, 2010, the alleged onset date. (Tr. 59.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: hypertension, anthropathies, a lesion in the paramedian right frontal lobe, anxiety disorder, and affective mood disorder. (Tr. 59.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing"). (Tr. 60–61.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform medium work, except that Plaintiff is limited to stooping occasionally, handling and fingering bilaterally frequently, and performing simple, routine, and repetitive tasks. (Tr. 61.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 62.)

The ALJ determined that Plaintiff could not perform past relevant work. (Tr. 63.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a laundry worker, a linen room attendant, and a packer. (Tr. 64.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 64–65.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five

of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to state the weight accorded to a treating physician's opinion; (2) the ALJ erred by not finding Plaintiff's impairment of headaches to be severe; and (3) the ALJ erred in her evaluation of Plaintiff's credibility. For the reasons that follow, Plaintiff's first and third contentions warrant reversal.

**A.  Treating Physician's Opinion**

Plaintiff contends that the ALJ erred by not stating the weight he accorded to Dr. Harish Patel's opinion that Plaintiff has limitations with bending, pushing, or lifting more than five pounds. (Dkt. 16 at 2.) This error, Plaintiff argues, was not harmless because had the ALJ given this opinion controlling weight, Plaintiff would be limited to sedentary work, which would likely dictate a finding of her disability. (Dkt. 16 at 2.) In response, Defendant argues that the ALJ properly evaluated Dr. Patel's opinion and that Dr. Patel's treatment records do not support his opinion regarding Plaintiff's bending, pushing, and lifting limitations. (Dkt. 19 at 5–6.)

Dr. Patel treated Plaintiff on two occasions in December 2010. (Tr. 341–50.) Dr. Patel, a neurologist, treated Plaintiff for her complaints of left shoulder pain, chest pain, headaches, and memory loss resulting from a car accident in May 2010. (Tr. 342.) During his first examination of Plaintiff on December 2, 2010, he noted that she had tenderness and spasms in her back, but a normal range of motion in her neck, shoulders, lower extremities, and upper extremities. (Tr. 343–44.) Dr. Patel noted that Plaintiff had decreased sensory reflexes in her hands, but her gait and fine motor coordination were normal. (Tr. 344.) Dr. Patel recommended that Plaintiff undergo further testing and prescribed her pain medications. (Tr. 345.) After undergoing the recommended testing on December 6, 2010 (Tr. 346–49), Dr. Patel performed a follow-up examination on December 14, 2010. (Tr. 341.) Plaintiff reported that her symptoms had worsened, but she had

no new symptoms. (Tr. 341.) After examining Plaintiff, which revealed that she had a normal gait and power and "unremarkable" findings in her upper and lower extremities, Dr. Patel's impressions were that Plaintiff had pain in her left shoulder, neck, and back and anxiety. (Tr. 341.) He recommended that Plaintiff continue her medications and consult a referral physician for trigger point injections. (Tr. 341.)

In May 2011, Dr. Patel wrote a letter in which he summarized his treatment of Plaintiff. (Tr. 350.) In the letter, Dr. Patel opined that Plaintiff had reached her "maximum medical improvement," had "a fair prognosis," had "sustained a permanent injury with a PI of 15% as of December 14, 2010," and would require further treatment, including medication and physical therapy. (Tr. 350.) Finally, Dr. Patel opined that Plaintiff would have limitations with bending, pushing, or lifting more than five pounds. (Tr. 350.)

As Plaintiff contends in her reply brief (Dkt. 22 at 1–2), the ALJ failed to address Dr. Patel's opinion regarding Plaintiff's bending, pushing, and lifting limitations.[1] The ALJ reviewed and summarized Dr. Patel's treatment notes (Tr. 63), which are contained at Exhibit 2F, noting that Plaintiff had a full range of motion in her neck and shoulders, normal grip strength and gait, and decreased sensation in her hands. (Tr. 63.) Considering Dr. Patel's treatment notes in conjunction with other medical evidence, the ALJ concluded as follows:

> In summary, accounting for the anthropathies from the 2010 motor vehicle accident, after which imaging showed mild degenerative lumbar changes, and headaches controlled with Motrin, despite a lesion, medium work is appropriate except occasionally stoop[ing]. Ex. 1F, 2F, 4F, 8F, 9F. Considering the bilateral carpal tunnel confirmed by testing, she is limited to frequent handling and fingering bilaterally. Ex. 2F.

---

[1] The ALJ did evaluate and accord weight to Dr. Patel's mental health assessment of Plaintiff (Tr. 62), but this opinion is not at issue in this appeal.

- 6 -

(Tr. 63.)  Thus, in her RFC assessment, the ALJ limited Plaintiff to medium work, except that Plaintiff had the additional limitations of occasionally stooping and frequently handling and fingering bilaterally.  (Tr. 61.)

Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis, prognosis, ability to perform despite impairments, and physical or mental restrictions.  *Winschel v. Comm'r Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (internal quotation and citation omitted).  When assessing the medical evidence, the ALJ must state, with particularity, the weight afforded to medical opinions and the reasons for such assignment of weight.  *Id.* at 1179; *see Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) ("What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.").

Failure to specify the weight afforded to a medical opinion is reversible error.  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982) (remanding for further consideration where the ALJ's decision failed "to mention the appellant's treating physician and the weight, if any, the ALJ gave to the treating physician's evidence and opinion").  This standard applies equally to the opinions of treating and non-treating physicians.  *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015).  A treating physician's opinion is "given substantial or considerable weight unless good cause is shown to the contrary."  *MacGregor*, 786 F.2d at 1053.  Good cause exists when the doctor's opinion is not

bolstered by the evidence, the evidence supported a contrary finding, or the doctor's opinion is conclusory or inconsistent with his or her own medical records. *Winschel*, 631 F.3d at 1179.

Defendant argues that ascribing Dr. Patel's opinion little or no weight would be supported by substantial evidence. (Dkt. 19 at 4–7.) However, the ALJ did not assign Dr. Patel's opinion little or no weight; rather, she failed to assign a weight to Dr. Patel's opinion regarding Plaintiff's bending, pushing, and lifting limitations. The ALJ mentioned this opinion during Plaintiff's hearing (Tr. 92), but it is not addressed in the ALJ's decision. This was error. *See Winschel*, 631 F.3d at 1179. The Court must determine whether this error was harmless, meaning whether the error affected the ALJ's "ultimate determination." *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (finding that the failure to state the weight assigned to a medical opinion was harmless because it did not affect the ALJ's ultimate determination); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (finding harmless error for the ALJ's failure to explicitly state what weight he afforded to a number of physicians' medical opinions when the opinions did not directly contradict the ALJ's findings).

Plaintiff contends that had the ALJ credited Dr. Patel's bending, pushing, and lifting limitations, Plaintiff would be limited to performing sedentary-level, rather than medium-level, exertional work. (Dkt. 16 at 2.) Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools," 20 C.F.R. § 404.1567(a), whereas medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," 20 C.F.R. § 404.1567(c). The Court agrees with Plaintiff that had the ALJ credited this opinion, her RFC assessment would be affected, and ultimately, her decision regarding Plaintiff's disability could be affected. Thus, because Dr. Patel's opinion is inconsistent with the ALJ's RFC, and because the ALJ did not assign

weight to the opinion, the Court cannot determine whether the ALJ's decision is supported by substantial evidence. *See Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834 (11th Cir. 2011).

Accordingly, the case should be remanded for the ALJ to consider and expressly accord Dr. Patel's opinions a specified weight; should less than substantial weight be accorded, the ALJ must articulate good cause for doing so. *Wiggins*, 679 F.2d at 1390; *Winschel*, 631 F.3d at 1179 (remanding for the ALJ to "explicitly consider and explain the weight accorded to the medical opinion evidence" because, absent such explanation, meaningful review was precluded).

### B. Severity of Impairment

Next, Plaintiff argues that the ALJ erred at step two of the sequential process. (Dkt. 16 at 2–3.) Specifically, Plaintiff contends that the evidence supported a finding that Plaintiff's impairment of headaches are severe. In response, Defendant contends that the evidence does not support a finding that Plaintiff's headaches are severe and, nevertheless, Plaintiff failed to identify ways in which her headaches would affect her ability to work that were more limited than the ALJ's RFC assessment. (Dkt. 19 at 9.)

At step two of the evaluation process, the ALJ must consider the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). When considering the severity of the claimant's medical impairments, the ALJ must determine whether the impairments, alone or in combination, significantly limit the claimant's physical or mental ability to do basic work skills. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520(c)).

At the second step, the claimant bears the burden of proof that he or she suffers from a severe impairment or combination of impairments. *Gibbs v. Barnhart*, 156 F. App'x 243, 246 (11th Cir. 2005). An impairment is not severe "only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work,

irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); 20 C.F.R. §§ 404.1520(c), 404.1522(a). "Basic work activities" include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1522(b)(1)–(6).

If an ALJ finds that a claimant has a severe impairment, even if an ALJ errs in finding a claimant's *additional* impairments are non-severe, such error is harmless because the ALJ has determined that step two of the analysis is met and proceeds in the disability analysis. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("Accordingly, even assuming that [claimant] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below."); *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902–03 (11th Cir. 2011) ("Even assuming the ALJ erred when he concluded [claimant's] edema, sleep apnea, and obesity were not severe impairments, that error was harmless because the ALJ considered all of his impairments in combination at later steps in the evaluation process."); *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824–25 (11th Cir. 2010).

The ALJ is, however, "required to consider all impairments, regardless of severity, in conjunction with one another in performing the *latter steps* of the sequential evaluation." *Tuggerson-Brown*, 572 F. App'x at 951 (emphasis added). As examples, an ALJ's statements that he considered whether claimant's impairment or combination of impairments met a Listing or that he considered all symptoms in determining claimant's RFC are sufficient "to demonstrate that the

ALJ considered all necessary evidence." *Id.* (finding the ALJ's discussion of the combined effects of claimant's impairments sufficient because the ALJ discussed the non-severe impairments in the ALJ's assessment of claimant's RFC); *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986) (quoting the ALJ and finding that it was "clear" that he ALJ considered claimant's impairments in combination because the ALJ stated that "'based upon a thorough consideration of all evidence, the ALJ concludes that appellant is not suffering from any impairment, *or a combination of impairments* of sufficient severity to prevent him from engaging in any substantial gainful activity'"). The ALJ's failure to consider the combination of a claimant's impairments requires reversal. *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985).

In this case, at step two of the sequential evaluation process, the ALJ found that Plaintiff had severe impairments of hypertension, anthropathies, a lesion in her paramedian right frontal lobe, anxiety disorder, and affective mood disorder. (Tr. 59.) Thus, the ALJ found in Plaintiff's favor at step two and proceeded with the subsequent steps of the sequential evaluation process to determine whether Plaintiff was disabled. Because the ALJ found that Plaintiff had severe impairments and thus proceeded beyond step two, any error in failing to find that Plaintiff suffers from an *additional* severe impairment of headaches was rendered harmless. *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013).

Further, at step three of the sequential process, the ALJ properly considered all of Plaintiff's relevant impairments and found that Plaintiff did not have an "impairment or combination of impairments" that met or equaled a Listing, which is sufficient to show that the ALJ considered the combined effect of Plaintiff's impairments. (Tr. 22–23.) *Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991). Also, the ALJ considered medical evidence relating to Plaintiff's headaches

when assessing Plaintiff's RFC at step four of the sequential process. (Tr. 63.) After considering Plaintiff's treatment history, the ALJ concluded that the evidence showed her headaches were controlled with her use of medication. (Tr. 63, 392, 396.)

In sum, because the ALJ found that Plaintiff has severe impairments at step two of her analysis, the ALJ's failure to find Plaintiff's headaches a severe impairment, even if erroneous, was harmless. Further, the ALJ sufficiently considered whether the combination of Plaintiff's impairments rendered Plaintiff disabled because the ALJ considered all of Plaintiff's impairments, severe and non-severe, at steps three and four of her analysis. Accordingly, Plaintiff's second contention does not warrant reversal.

### C. Credibility Evaluation

Finally, Plaintiff contends that the ALJ erred in her evaluation of Plaintiff's credibility. (Dkt. 16 at 4–6.) Specifically, Plaintiff argues that the ALJ misstated the facts by finding that Plaintiff evaded questions about receiving Worker's Compensation. Further, Plaintiff argues that the ALJ's finding that Plaintiff's answers to pain questionnaires and function reports were vague and unclear is inaccurate because Plaintiff's answers were clear and concise. The ALJ's misconceptions, Plaintiff argues, tainted the ALJ's view of the evidence in this case. (Dkt. 16 at 5.) Also, Plaintiff argues that if the ALJ felt her answers were vague and unclear, she had a duty to develop the record at the hearing. (Dkt. 16 at 5–6.)

In response, Defendant argues that the ALJ's decision to discredit Plaintiff's testimony regarding her pain was not based solely on her responses to questions about her Worker's Compensation claim or answers to questionnaires, and was supported by substantial evidence. (Dkt. 19 at 12.)

If an ALJ determines that the claimant's medical condition could reasonably be expected to produce the claimant's pain or other symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms, including pain, to determine their effect on the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1); *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776–77 (11th Cir. 2010). The ALJ considers all available evidence, including objective medical evidence, information about the claimant's prior work record, statements from the physicians and others, and medical opinions. 20 C.F.R. § 404.1529(c)(1)–(2). Additionally, the ALJ considers (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant took to alleviate pain or other symptoms; (5) treatment the claimant received for relief of pain or other symptoms; and (6) any measures the claimant personally used to relieve pain or other symptoms. *Id.* § 404.1529(c)(3). The ALJ evaluates the credibility of the claimant's testimony based on whether it is reasonably consistent with this evidence. *Id.* § 404.1529(c)(4).

An ALJ's determination of the credibility of a claimant's testimony regarding subjective pain is entitled to deference, and a reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate, explicitly and adequately, reasons for not crediting the testimony. *Holt v. Sullivan*, 921 F.2d 1221, 1223–24 (11th Cir. 1991). "Implicit in this rule is the requirement that such articulation of reasons . . . be supported by substantial evidence." *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, as the reviewing Court, "[t]he question is not . . . whether ALJ could have reasonably

credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011).

Here, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms not entirely credible "for the reasons explained in th[e] decision." (Tr. 62.) First, the ALJ found Plaintiff's reports of pain in response to questionnaires "vague and unclear," and unsupported by objective medical evidence. (Tr. 62.) Next, the ALJ summarized Plaintiff's testimony, including her healthcare, past work, daily activities, symptoms, and limitations. (Tr. 62.) The ALJ noted that Plaintiff "evaded questions about receiving Worker's Compensation." (Tr. 62.) Then, the ALJ analyzed the medical evidence. (Tr. 62–63.)

The ALJ's consideration of whether Plaintiff's reports of pain, as provided in function reports and pain questionnaires, were consistent with the objective evidence was proper. (Tr. 62.) *See* 20 C.F.R. 404.1529(a). However, the ALJ stated that Plaintiff's reports were vague, unclear, and inconsistent with objective evidence without explanation of these findings or citation to specific objective evidence in the record. (Tr. 62.) The ALJ, therefore, did not articulate "adequate reasons" for discrediting Plaintiff's statements about her pain, *see Foote*, 67 F.3d at 1561–62, and the Court cannot determine whether this finding was supported by substantial evidence.

Further, it is unclear whether the ALJ's statement that Plaintiff was evasive in answering questions about receiving Worker's Compensation was a factor in her discrediting Plaintiff's statements about her symptoms. (See Tr. 62.) In other words, the ALJ does not explicitly state whether her finding that Plaintiff was evasive impacted her credibility finding, although they are contained in the same paragraph of her decision. (Tr. 62.) As provided in a ruling from the Social Security Administration, "[a]djudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's

impairments," and "adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." Evaluation of Symptoms in Disability Claims, SSR 16-3p, 81 Fed. Reg. 14166-01, 2016 WL 1119029 (Mar. 16, 2016).[2] Thus, to the extent the ALJ discredited Plaintiff's statements regarding her pain based on the ALJ's perception that Plaintiff was evasive, this was not a proper consideration. Therefore, because the ALJ did not adequately explain her reasoning for discrediting Plaintiff's statements regarding her pain, Plaintiff's final contention warrants reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The decision of the Commissioner be **REVERSED** and the case be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the recommendations set forth above.

2. The Clerk of the Court be directed to enter judgment consistent with this Report and Recommendation.

**IT IS SO REPORTED** in Tampa, Florida, on May 16, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[2] Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Social Security Administration. *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990). Although they are not binding on the Court, they are accorded deference. *De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014).

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James D. Whittemore
Counsel of Record