UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAMKA AHMETOVIC,

    Plaintiff,

v.    Case No. 8:16-cv-2326-T-27JSS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 23), recommending that the Commissioner's decision denying Plaintiff's claim for disability, disability insurance benefits, and supplemental security income be reversed. Defendant filed objections (Dkt. 24), to which Plaintiff responded (Dkt. 25). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. *Id.*; FED. R. CIV. P. 72(b)(3).

After a *de novo* review of the findings to which objections are made, and a review of the findings to which objection is not made for plain error, I find that the Commissioner's decision must be reversed and the case remanded based on the Administrative Law Judge's ("ALJ") failure to state the weight given to the opinion of Plaintiff's treating physician and failure to adequately articulate the reason for discrediting Plaintiff's testimony.

## I. DEFENDANT'S OBJECTIONS

Defendant makes two objections to the Magistrate Judge's Report and Recommendation: (1) the finding that the ALJ erred in his consideration of the opinion of Plaintiff's treating physician, Dr. Patel; and (2) the finding that the ALJ erred in his evaluation of Plaintiff's credibility.

## II. STANDARD

An administrative law judge's decision is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam), and if the decision as a whole is supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id.* (internal quotation marks and citations omitted). Legal conclusions of the administrative law judge, however, are reviewed *de novo*. *Ingram v. Commissioner of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## III. DISCUSSION

There is a five-step, sequential evaluation process to determine whether a claimant is disabled. *Winschel*, 631 F.3d at 1178 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)). The first three steps evaluate whether (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, and (3) the impairment meets or equals the severity of the specified impairments in the Listing of Impairments. *Id.* The fourth step asks whether, based on the claimant's residual functional capacity

("RFC") assessment, the claimant can perform any of her past relevant work despite the limitations caused by her impairments. *Id.* At the fourth step, the administrative law judge considers "all the relevant medical and other evidence" in the case record to determine the claimant's RFC. *Phillips*, 357 F.3d at 1238 (quoting 20 C.F.R. § 404.1520(e)). The claimant bears the burden of establishing that she cannot perform her past relevant work based on her RFC. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). If the claimant establishes that she cannot perform her past relevant work, the burden shifts to the administrative law judge at the fifth step to determine whether there are significant numbers of other jobs in the national economy the claimant can perform, given her RFC, age, education, and work experience. *Winschel*, 631 F.3d at 1178; *Jones*, 190 F.3d at 1228.

The ALJ determined, as to steps one through three, that Plaintiff had not been engaged in substantial gainful activity and she has severe impairments including "hypertension, anthropathies, lesion in the paramedian right frontal lobe, anxiety disorder, and affective mood disorder," but her impairments do not meet or medically equal the severity of listed impairments (Decision,Tr. 60). The ALJ further concluded at step four that she has the residual functional capacity (RFC) to perform medium work, limited to occasional stooping, handling and fingering bilaterally frequently, and performing simple, routine, and repetitive tasks. (Tr. 61). Based on Plaintiff's age, education, work experience, RFC, and testimony of the vocational expert (VE), the ALJ found Plaintiff not disabled. (Tr. 63-65). The Magistrate Judge recommended, after a thorough review of the ALJ's findings and conclusions, that the decision of the ALJ be reversed because (1) the ALJ failed to state the weight given to Plaintiff's treating physician, which was inconsistent with the ALJ's RFC assessment and (2) the ALJ did not articulate adequate reasons for discrediting Plaintiff's statements about her pain. (Report and Recommendation, Dkt. 23).

3

## A. The ALJ's Findings Relating to Dr. Patel, Plaintiff's Treating Physician

Defendant objects to the Magistrate's conclusion that the ALJ's failure to state the weight given to the opinion of Dr. Patel, Plaintiff's treating physician, was not harmless. Acknowledging that the ALJ did not state what weight she gave to Dr. Patel's opinion, Defendant argues that the ALJ properly considered Dr. Patel's opinion and must have given it little or no weight, because assigning little or no weight would be supported by substantial evidence. (See Dkt. 19 at 6).[1]

An ALJ must "state with particularity the weight given to different medical opinions, and the reasons therefore." *Winschel*, 631 F.3d at 1179. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) ("[A]bsent 'good cause,' the opinion of a claimant's treating physician must be accorded 'substantial' weight.").

" '[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41). The ALJ " 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error.' " *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).

---

[1] Dr. Patel opined that Plaintiff "will have limitations at work as to bending, pushing or lifting over five pounds, and the same limitations will apply at home or at leisure." (Tr. 350).

4

"Ordinarily, an ALJs failure to explain the particular weight given to the different medical opinions provided is reversible error. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir.1987). However, when the ALJ's error did not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand." *Tillman v. Comm'r, Soc. Sec. Admin.*, 559 F. App'x 975 (11th Cir. 2014).

Contrary to Defendant's argument, the ALJ did not necessarily assign little or no weight to Dr. Patel's opinion regarding Plaintiff's bending, pushing, and lifting limitations. Indeed, the ALJ failed to address Dr. Patel's opinion, let alone state what, if any, weight she gave it. This was error. *Schnorr*, 816 F.2d at 581. And, as the Magistrate correctly found, this error is not harmless.

Assigning weight to Dr. Patel's opinion would necessarily affect Plaintiff's RFC. The ALJ determined that Plaintiff is capable of medium work and occasional stooping. However, had the ALJ credited Dr. Patel's bending, pushing, and lifting limitations, Plaintiff would arguably be limited to, at most, sedentary-level work.[2] Because Dr. Patel's opinion is inconsistent with the ALJ's RFC, and the ALJ's failed to state what weight, if any, she gave to Dr. Patel's opinion, it cannot be determined whether the decision is supported by substantial evidence. Defendant's objection is therefore overruled.

### B. *The ALJ's Findings Relating to Plaintiff's Credibility*

Defendant's second objection to the Report and Recommendations is that the Magistrate erred in finding that the ALJ failed to adequately articulate reasons for discrediting Plaintiff's statements about her pain.

---

[2] Sedentary-level work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). Medium-level work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighting up to 25 pounds." 20 C.F.R. § 404.1567(c). Dr. Patel opined that Plaintiff has limitations in bending, and pushing or lifting over 5 pounds.

Defendant first contends that the Magistrate incorrectly relied on Social Security Ruling (SSR) 16-3p, because it was not effective until March 28, 2016, a year after the ALJ's decision. Plaintiff acknowledges that Social Security Ruling (SSR) 16-3p was effective March 28, 2016. But she correctly points out that the ALJ did not rely solely on Plaintiff's evasive answers to the Workers' Compensation questions and her pain and function reports, and Defendant argued in its initial brief that the ALJ's finding on credibility was supported under applicable standards.

The premise on which the Magistrate ruled was that it "is unclear whether the ALJ's statement that Plaintiff was evasive in answering questions about receiving Workers' Compensation was a factor in her discrediting Plaintiff's statements about her symptoms." (Dkt. 23 at p. 14). The Magistrate's citation to Social Security Ruling (SSR) 16-3p, while arguably incorrect, is of no moment. The fact of the matter, as the Magistrate found, is that the ALJ failed to articulate adequate reasons for discrediting Plaintiff's subjective complaints of pain, warranting reversal. (Dkt. 23 at p. 15) ("Therefore, because the ALJ did not adequately explain her reasoning for discrediting Plaintiff's statements regarding her pain, Plamntiff's final contention warrants reversal.").

Next, Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff's statements were not entirely credible. Plaintiff may establish her disability through her own testimony of pain or other subjective symptoms. *See Dyer*, 395 F.3d at 1210; *Foote v. Chater*, 67 F.3d 1553, 1560–61 (11th Cir. 1995). In order to establish a disability based on her testimony, Plaintiff must satisfy two parts of a three-part test, showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged symptom; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed symptom. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221,

6

1223 (11th Cir.1991)). If the ALJ discredits a plaintiff's testimony, he must articulate explicit and adequate reasons for doing so. *See Wilson*, 284 F.3d at 1225. Importantly, however, credibility findings are the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

In assessing the evidence, the ALJ considered the subjective complaints Plaintiff reported in Pain Questionnaires and Functions Reports as well as her testimony. (Tr. 62). The ALJ found that the narratives in the questionnaires and reports were "vague and unclear" and unsupported by the objective medical evidence. (*Id.*) As to Plaintiff's testimony, the ALJ found that she evaded questions about receiving Worker's Compensation. (*Id.*) In sum, the ALJ found her statements regarding the intensity, persistence, and limiting effects of her symptoms not entirely credible "for the reasons explained in this decision." (*Id.*) The ALJ then analyzed the medical evidence. (Tr. 62-63).

As to the questionnaires and reports, while the ALJ perceived a conflict between Plaintiff's answers and the objective medical evidence, that conflict is not explained. And while Plaintiff's answers are brief and somewhat conclusory, essentially that she cannot do anything for herself or others (*see, e.g.*, Tr. 264 ("not able to do any work I am in pain all the time")), it is not clear whether and how the ALJ concluded the questionnaires and reports impacted Plaintiff's credibility.

As to Plaintiff's testimony, as the Magistrate found, it is unclear whether the ALJ's finding that Plaintiff was evasive regarding Worker's Compensation questions impacted her credibility finding. And, although the ALJ may consider Plaintiff's demeanor and appearance at the hearing in evaluating credibility, this may not be the sole consideration in making a credibility determination. *Kalishek v. Comm'r of Soc. Sec.*, 470 F. App'x 868, 871 (11th Cir. 2012) (citing *Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987); *Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985)).

Accordingly, I agree with the Magistrate that the ALJ's credibility assessment does not articulate explicit and adequate reasons required Circuit precedent. *See Foote*, 67 F.3d at 1562 ("Explicit credibility findings are 'necessary and crucial where subjective pain is an issue.'") (quoting *Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982)). Defendant's objection will be overruled.

## IV. CONCLUSION

1. Defendant's Objections are **OVERRULED**.

2. The Report and Recommendation (Dkt. 23) is **APPROVED** and **ADOPTED** as the opinion of the Court for all purposes, including for appellate review, except as noted.

3. The decision of the Defendant Commissioner is **REVERSED** and this case is **REMANDED** for further administrative proceedings consistent with this Order.

4. The Clerk is directed to **ENTER JUDGMENT** in favor of Plaintiff consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

5. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 21st day of September, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record